# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YANSIER N.P.,[1]<br>(A Number: 220-724-807)<br><br>Petitioner,<br>v.<br><br>WARDEN, *Mesa Verde Detention Center*,<br><br>Respondent. | Case No. 1:26-cv-03678-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT PETITIONER'S PETITION BE GRANTED AND MOTION TO DISMISS BE DENIED**<br><br>(Doc. 1)<br><br>TEN (10) DAY DEADLINE |

Yansier N.P. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Court has previously addressed the legal issues raised by the petition. *See*, *e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On May 13, 2026, the Court ordered Respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in the cases cited above that would justify denying the petition. (Doc. 5). On May 15, 2026, Respondent filed a Motion to Dismiss which contended that Petitioner had already been granted all the process he

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

was due. (Doc. 4 at 4). The undersigned disagrees.

In considering the proper remedy on Petitioner's due process claim, the undersigned is cognizant of the fact that an immigration judge has since determined that Petitioner poses a flight risk. (*See* Doc. 8-5 at 1).[2] However, other courts within the Ninth Circuit have concluded that "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-CV-00541-AH-(MBK), 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *see also Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026) ("Respondents argue that petitioner has received all the process due to her because she received a post-deprivation bond hearing. . . . The court disagrees."); *Mumaev v. Semaia*, No. 5:25-CV-03409-FLA (MAR), 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (ordering petitioner's release from custody where the government failed to provide a pre-deprivation hearing, notwithstanding an immigration judge's subsequent determination that petitioner posed a flight risk); *Domingo v. Kaiser*, No. 25-cv-05893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention."); *Hasratyan v. Bondi*, No. 5:26-CV-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (concluding that where a petitioner received a procedurally deficient post-detention bond hearing, "the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"); *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 822 (3d Cir. 2021) ("[I]f a pre-deprivation hearing was required, then no amount of post deprivation process could cure the ... initial failure to provide a hearing."). The undersigned therefore finds that the immigration judge's subsequent denial of Petitioner's release at a custody redetermination hearing does not cure Respondents' failure to provide Petitioner with

---

[2] The undersigned observes that while Petitioner was granted a bond hearing in a prior petition, that petition was resolved on statutory grounds and the order granting Petitioner relief expressly reserved judgment on Petitioner's due process claim. *See N.P. v. Bondi*, 1:25-cv-26037-GAYLES, at *6 (S.D. Fla March 13, 2026) ("The Court declines to reach the merits of Petitioner's due process claim in Count II, as the Court is granting in part the relief requested for Count I.").

notice and the opportunity to be heard *before* revoking their release.

As Respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would materially distinguish it from the Court's prior decisions noted above, the undersigned will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

**RECOMMENDATION**

Accordingly, the undersigned hereby RECOMMENDS that Respondent be ORDERED to release Petitioner immediately and that Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that their physical custody is legally justified. The undersigned further recommends that an exception be made to the injunction in the event an order of removal becomes final.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal

pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE