UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YANIER NODARSE PEREIRA (A-Number: 220-724-807),

Petitioner,

v.

WARDEN, Mesa Verde Detention Center; FIELD OFFICE DIRECTOR, San Diego Field Office, United States Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA JO BONDI, United States Attorney General,

Respondent.

No. 26-cv-03678-KES-EGC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Yansier Nodarse Pereira is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 22, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 13. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within ten days after service. On July 31, 2026, respondents

filed a one sentence objection, objecting "to the findings and recommendations for the reasons stated in their Motion to Dismiss (Dkt. 7) and Supplemental Briefing (Dkt. 11)." Doc. 14.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objection, the Court concludes that the findings and recommendations are supported by the record and proper analysis. The Court agrees with the findings and recommendations' conclusion that the immigration judge's March 25, 2026 bond hearing was "insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." Doc. 13 at 2 (quoting *Nurlan Gudavasov v. David Marin*, No. 5:26-CV-00541-AH-(MBK), 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026)).

The bond hearing before the immigration judge was conducted pursuant to 8 U.S.C. § 1226(a), *see* Doc. 7 at 24, and at a § 1226(a) hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)). But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[1]

---

[1] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), does not foreclose petitioner's due process claim. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. But here, unlike the petitioner in *Rodriguez Diaz*, petitioner was previously released following a finding that she was not a flight risk or danger. *Rodriguez Diaz* did not

In such circumstances, the burden shifts to the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.* Given that the immigration judge at the bond hearing placed the burden on petitioner to show he was not a flight risk or danger, even though that hearing was conducted after he was re-detained, that bond hearing did not cure the due process violation.

The Court ORDERS:

1. The findings and recommendations, Doc. 13, are ADOPTED.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
3. Respondents' motion to dismiss, Doc. 7, is DENIED.
4. Respondents are ORDERED to release petitioner Yansier Nodarse Pereira (A-Number: 220-724-807) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[2]
5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.
6. The Clerk of Court is directed to close this case and enter judgment for petitioner.

---

address the circumstance, as here, of a noncitizen who was previously released from detention pursuant to § 1226(a) and then subsequently re-detained. *See Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025); *see also Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

7. The Clerk is directed to terminate any remaining motions as moot.
8. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: August 6, 2026

UNITED STATES DISTRICT JUDGE